UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG ALLEN INGRAM,

        Petitioner,                    Case No. 20-cv-11376
                                            Hon. Matthew F. Leitman

v.

J. HEMINGWAY,

        Respondent.
_____/

## ORDER DISMISSING PETITION
## FOR WRIT OF HABEAS CORPUS (ECF No. 1)

Petitioner Craig Allen Ingram is a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan. He is serving a 180-month sentence for conspiracy to distribute more than 50 grams of cocaine base. Ingram has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, in which he argues that the Federal Bureau of Prisons (the "BOP") has miscalculated his sentence. (*See* Pet., ECF No. 1.) More specifically, Ingram contends that the BOP has wrongfully failed to give him credit against his federal sentence for time served from May 31, 2007 (the date of his arrest) to October 9, 2008 (the date his federal sentence was imposed). (*See* Pet., ECF No. 1.) Because another United States District Court already reviewed this claim on the merits and rejected it, the Court declines to review the claim and **DISMISSES** Ingram's petition.

I

A

"Although habeas corpus petitions filed pursuant to § 2241 are not subject to the strict bars on second and successive petitions imposed on 28 U.S.C. § 2255 (2000) habeas petitions, courts may decline to address claims brought repeatedly." *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 765 (6th Cir. 2008). The applicable federal statute, 28 U.S.C. § 2244(a), provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Under this provision, a court may decline to address a claim filed in a Section 2241 petition if the claim has already been heard and decided by another federal court. *See Cook v. Pearce*, 639 F. App'x 283, 284 (5th Cir. 2016) (affirming dismissal of habeas petition brought under Section 2241 where petition "raised legal claims that were rejected in a prior [Section] 2241 proceeding"); *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994); *Lane v. Terris*, 2017 WL 6026088, at *2

2

(E.D. Mich. Dec. 5, 2017) (dismissing habeas petition where petitioner "assert[ed] claims that he raised, or could have raised, in [a] prior habeas petition").[1]

B

The Court declines to review Ingram's sentence-calculation claim here because another federal court has reviewed and rejected that claim. In 2010, Ingram filed a Section 2241 petition in the United States District Court for the Northern District of West Virginia. In that filing, Ingram argued that the BOP erred when it failed to give him credit against his sentence for the same time period that is at issue in this petition. The West Virginia district court addressed the merits of Ingram's claim and denied relief. *See Ingram v. Deboo*, N.D. W.Va. Case No. 10-cv-77 at Dkt. No. 24. Pursuant to 28 U.S.C. § 2244(a), the Court will not revisit the claim again.

This Court previously gave Ingram an opportunity to explain why it should review his claim even though another federal court has already reviewed and rejected it. (*See* Order to Show Cause, ECF No. 5.) In response, Ingram merely restated the merits of his argument that he should have received credit for the time he spent in

---

[1] *See also Howze v. Ratldege*, 2016 WL 427078, at *3 (E.D.N.C. Feb. 3, 2016) (applying Section 2244(a) to dismiss Section 2241 petition which raised sentence-computation claim adjudicated on the merits in an earlier Section 2241 petition); *Stephens v. Dunbar*, 2013 WL 3924013, at *3 (E.D.N.C. July 29, 2013), *aff'd* 551 F. App'x 62 (4th Cir. 2014) (dismissing Section 2241 petition where sentence computation claim was considered and denied on the merits in a previously-filed habeas petition).

custody prior to his sentencing. (*See* Resp. to Order to Show Cause, ECF No. 6.) He did not address his prior Section 2241 petition or the West Virginia district court's denial of that petition on the merits. (*See id.*) Ingram has failed to persuade the Court that it should review his claim even though it was previously rejected by another federal district court.

## II

For all of the reasons explained above, Ingram's petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED**. "A certificate of appealability is not required to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241." *Lane*, 2017 WL 6026088, at *2 (citing *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004)). "Thus, [Ingram] need not request one from this Court or the Sixth Circuit to appeal this decision." *Id.*

**IT IS SO ORDERED**.

    s/Matthew F. Leitman
    MATTHEW F. LEITMAN
    UNITED STATES DISTRICT JUDGE

Dated: January 5, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 5, 2021, by electronic means and/or ordinary mail.

    s/Holly A. Monda
    Case Manager
    (810) 341-9764